In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00315-CV**
_____

**IN RE FLOYD RILEY**

**Original Proceeding**
**136th District Court of Jefferson County, Texas**
**Trial Cause No. D-201456**

**MEMORANDUM OPINION**

Floyd Riley filed a petition for a writ of mandamus and a motion for temporary

relief in a trial court case that to date has been the subject of two appeals and related

federal litigation.[1] *See Bank of New York Mellon v. Riley*, No. 09-18-00403-CV,

2019 Tex. App. LEXIS 9014, at *17 (Tex. App.—Beaumont Oct. 10, 2019, pet.

_____

[1]The petition, appendix, and record contain numerous defects, including improper font, spacing, margins, and bookmarks. We use Rule 2 to look beyond the deficiencies in the mandamus petition to reach an expeditious result. *See* Tex. R. App. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure[.]").

1

denied) (reversing cross-motion for summary judgment on affirmative defense of statute of limitations when a genuine issue of material fact exists regarding BNYM's rescission of acceleration); *Riley v. Bank of New York Mellon*, No. 09-23-00085-CV, 2025 Tex. App. LEXIS 2044, at *35-36 (Tex. App.—Beaumont Mar. 27, 2025, no pet.) (affirming trial court's summary judgment on Riley's breach of contract and negligent misrepresentation claims that were compulsory counterclaims in a federal court case between the parties, reversing the summary judgment on Riley's remaining claims against BNYM and the loan servicer, and remanding the case for further proceedings); *see also Bank of New York Mellon v. Riley*, No. 1:19-CV-00279, 2021 U.S. Dist. LEXIS 129416, at *10-11 (E.D. Tex. Mar. 23, 2021) (holding Riley breached a settlement agreement when he challenged BNYM's 2016 application for a foreclosure order and authorizing BNYM to judicially foreclose its lien), *affirmed*, *Bank of New York Mellon v. Riley*, No. 21-40383, 2022 U.S. App. LEXIS 15042 (5th Cir. June 1, 2022).

On January 9, 2026, Riley filed a Third-Party Petition against Real Party in Interest Steven Wilk. Riley alleged on March 29, 2023, Wilk obtained a special warranty deed conveying the subject property by way of a void substitute trustee's deed and that Riley maintains superior title to the property in question through a general warranty deed, release of vendors lien, quitclaim deed, title by limitations, and a court order releasing a deed of trust lien. Wilk filed a counterclaim to quiet

2

title and to recover for improvements he made to the property in the event Wilk's deed is set aside.

On June 15, 2026, the trial court granted Wilk's motion for summary judgment against Riley. On July 17, 2026, the trial court denied Riley's motion to vacate the interlocutory summary judgment. Riley seeks to compel the trial court to vacate the interlocutory summary judgment, which Riley contends is void because Wilk lacks standing to assert a claim for title or title defenses, and to dismiss Wilk's purported title claims. As temporary relief, Riley asks this Court to stay all trial court proceedings, including Riley's deadline to respond to BNYM's motion for summary judgment.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Riley has presented the trial court with several reasons why he believes the substitute trustee's deed to BNYM is void, why he should prevail on his trespass to try title

3

claim against Wilk, and why the doctrine of judicial estoppel should prevent Wilk from asserting any claims or defenses to Riley's claim of superior title to the property, all of which Riley could argue in an appeal from a final judgment. However, the trial court's order granting Wilk's motion for summary judgment is interlocutory, and Riley has not shown this Court that any final judgment the trial court might enter regarding whether Riley or Wilk holds superior title to the property will be void for want of jurisdiction. On this record, Riley has not shown that the benefits of mandamus review will outweigh the detriments. *See id*. Accordingly, without addressing the merits of Riley's arguments, we deny the petition for a writ of mandamus and any motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on July 30, 2026
Opinion Delivered July 31, 2026

Before Johnson, Wright and Chambers, JJ.

4